UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0031-JMS-DML |
| | ) | |
| JUSTON CROWE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on April 23, 2018, and a supplemental petition filed on April 30, 2018 and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on May 16, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 16, 2018, defendant Juston Crowe appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Matt Lasher, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Crowe of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.

2. A copy of the Petition was provided to Mr. Crowe and his counsel, who informed the court they had reviewed the Petition and that Mr. Crowe understood the violations alleged. Mr. Crowe waived further reading of the Petition.

3. The court advised Mr. Crowe of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Crowe was advised of the rights he would have at a preliminary hearing. Mr. Crowe stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Crowe stated that he wished to waive his right to a preliminary hearing.

4. The court advised Mr. Crowe of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Crowe, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, and 4, set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

On April 10, 2018, during an employment visit, the offender was asked to provide a urine sample for testing. He could not provide a sample. This officer instructed him to report to the probation office on April 11, 2018, before 4 pm to submit a sample for testing. On April 11, 2018, Mr. Crowe failed to report as directed and did not contacted this officer to explain his failure to report.

**2**   **"You shall submit to substance abuse testing and shall not attempt to obstruct or tamper with the testing method."**

Mr. Crowe was instructed to report for a drug test on April 11, 2018, but failed to report as directed.

**3**   **"You shall not use or possess any controlled substances, unless authorized to do so by a valid prescription from a licenses medical practitioner."**

On April 12, 2018, the offender submitted a urine specimen for analysis that returned positive for cocaine, opiates and amphetamines. While at the offender's home on April 12, 2018, the offender admitted taking an expired prescription for Vicodin, but could not produce the pill bottle for tis officer. On April 19, 2018, the offender submitted a urine specimen for analysis that returned positive for opiates. When confronted about the positive test results from April 12, 2018, he admitted getting pills from someone at work and stated he believed the pills to be Oxycodone. He denies consuming cocaine. He further admitted even after this officer's contact with him on April 12, 2018, he took more Oxycodone on April 13, 2018. The lab results from April 19 2018, returned positive for opiates, but the lab technician advised there was also cocaine in his system on that date, but the amount was below the cut off level; therefore, not reported positive on the test results. She indicated the cocaine was indicative of new use due to the time frame from the last positive test to this test result.

**4**   **"You shall not use or possess any controlled substances, unless authorized to do so by a valid prescription from a licenses medical practitioner."**

On April 26, 2018, the offender submitted a urine specimen that returned positive for cocaine and amphetamines. He admitted having used when he thought to be Oxycodone on April 22, 2018, after this officer explicitly warned him anymore use would result in a request for further sanctions and possibly revocation.

6.      The court asked Mr. Crow questions to ensure his decision to waive hearing and admit the alleged violations was knowing and voluntary. The court then placed Mr. Crowe under oath and directly inquired of Mr. Crowe whether he admitted violations 1, 2, 3, and 4 of his supervised release set forth above.  Mr. Crowe admitted the violations as set forth above.

8.      The parties and the USPO further stipulated that:

   (a)   The highest grade of Violation (Violations 3, and 4) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b)   Mr. Crowe's criminal history category is II.

   (c)   The range of imprisonment applicable upon revocation of Mr. Crowe's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9.      The parties jointly recommended a sentence of ninety (90) days in the Bureau of Prisons with twenty-four (24) months of supervised release to follow.  Defendant is to immediately surrender.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JUSTON CROWE, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of ninety (90) days with twenty-four (24) months of supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: These conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.

13. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

Justification: The offender has a history of testing positive for marijuana, cocaine, amphetamine, and opiate use/abuse. The supervising officer in his case has observed activities associated with narcotics distribution and detected the odor of illegal substances in his residence during supervision. These conditions will assist the probation officer in monitoring the offender's compliance with regard to illegal controlled substance use and ensure he is receiving appropriate treatment levels.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: The offender has a criminal history consisting of burglary, firearms offense, and possession of marijuana. The supervising officer in his case has observed activities associated with narcotics distribution and detected the odor of illegal substances in his residence during supervision. In addition, he also has a history of poly-substance abuse. This condition will assist the probation officer in monitoring compliance and provide a measure of protection to the community.

19. You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program.

Justification: The offender has exhibited criminal thinking and conduct during the time on supervision by testing positive for illegal substances, association with those engaged in

questionable activities, and dishonestly with supervision officer about his activities. This program targets cognitive thinking errors, negative associates, and assists offenders in making pro-social life choices. He exhibits three elevated thinking styles, as well as his top dynamic risk factors are cognitions and associations. This program would target those concerns and assist him in correcting of his negative thinking patterns and assist him in the development of pro-social thoughts/associations and goals to promote positive life change.

Defendant Crowe reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Crowe stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Crowe entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Crowe's supervised release, imposing a sentence of imprisonment

of ninety (90) days with twenty-four (24) months of supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 6/5/2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal