UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0031-JMS-DML |
| | ) | |
| JUSTON CROWE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On December 10, and 16, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on March 15, and April 10, 2019. Defendant appeared in person with his retained counsel Terrance Kinnard. The government appeared by Abhishek Kambli, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant Crowe of his rights and provided him with a copy of the petition. Defendant Crowe orally waived his right to a preliminary hearing.

2.     After being placed under oath, Defendant Crowe admitted violation numbers 1, 2, 3, and 4. [Docket Nos. 83, and 87.]

3.     The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

**1**     **"You must refrain from any unlawful use of a controlled substance."**

On February 7, 2019, the offender submitted a urine specimen for analysis which returned positive for amphetamines. He advised he had recently been to the emergency room and received a prescription medication, Dexadrine Spansule, which this officer knows to contain amphetamines. After repeated requests, on February 25, 2019, Mr. Crowe submitted documentation to this officer confirming the prescription. The urine specimen was then sent to Alere Laboratory who confirmed the sample as being positive for amphetamine and methamphetamine. A laboratory representative confirmed the use of Dexadrine Spansule would not lead to a positive for methamphetamine. On February 26, 2019, the offender submitted a urine sample which tested positive for cocaine and amphetamines. The sample was forwarded to Alere Laboratory and confirmed positive for amphetamine, methamphetamine, and cocaine.

As previously reported to the Court, on September 26, 2018, Mr. Crowe submitted a urine specimen which returned positive for cocaine. He admitted using the substance.

**2**     **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."**

On August 17, 2018, this officer referred the offender to the MRT group and provided him with information on location, start date, and start time. He confirmed with this officer he would attend. On August 21, 2018, Mr. Crowe arrived after the MRT group had ended. He was provided the MRT workbook, and signed the participant agreement. Mr. Crowe was advised to report the next week on August 28, 2018; however, he failed to show up. On September 4, 2018, the offender arrived 10 minutes late to the group. On September 11, 2018, he arrived 15 minutes late to the group. On September 18, 2018, he failed to attend the MRT group. On October 22, 2018, Mr. Crowe was discharged from MRT program.

On November 15, 2018, this officer met with the offender and discussed his non-compliance. He was referred back to the MRT group, and he assured this officer he would attend the next MRT session as directed. Mr. Crowe failed to attend on November 20, and 27, 2018, and was once again dropped from the program for not attending. On February 7, 2019, this officer and a supervisor spoke to the offender at his residence. He was instructed to return to MRT beginning February 19, 2019, and that this

would be his last chance. Mr. Crowe advised he still had the MRT book and would attend as required. He failed to report on February 19, 2019.

3        **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."**

**"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.**

On September 25, October 16, 24, and November 8, 2018, Mr. Crowe failed to report for random urine testing. On September 7, 21, November 16, 2018, and February 7, 2019, the offender failed to report for drug treatment classes.

4        **"The defendant shall not commit another federal, state or local crime."**

On April 7, 2019, Mr. Crowe was stopped by the Indianapolis Metropolitan Police Department for a minor traffic violation. He was arrested on a pending supervised release violation warrant. During the arrest, digital scales and a Thunder 380 CC handgun were located in the vehicle. Mr. Crowe was charged in Marion County for possession of a firearm by a serious violent felon under cause number 49G01-1904-F4-013512. The charge is a level 4 felony, and he is currently in custody in the Marion County Jail.

4.    The parties stipulated that:

   (a)    The highest grade of violation is a Grade B violation.

   (b)    Defendant's criminal history category is II.

   (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5.    The government argued for a sentence of twenty-one (21) months with no

supervised release to follow. Government also requested that defendant's sentence be served

consecutive to the current state sentence he is serving out of Marion County, Indiana. Defendant argued for a sentence of eight months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 12/30/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system